IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC CRAFT, ) | |
| Petitioner, ) | Civil Action No. 09-290 Erie |
| ) | |
| v. ) | |
| ) | District Judge Sean J. McLaughlin |
| DAVID EBBERT, ) | Magistrate Judge Susan Paradise Baxter |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition For Writ Of Habeas Corpus be dismissed with prejudice for abuse of the writ and because it is an improper successive habeas petition.

**II.    REPORT**

Petitioner, Eric Craft, is a federal prisoner presently incarcerated at the Federal Correctional Institution at McKean ("FCI McKean") in Bradford, Pennsylvania, which is located within the Western District of Pennsylvania. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 5] in which challenges the judgment of sentence imposed on him by the U.S. District Court for the Middle District of Pennsylvania in United States v. Craft, No. 1:CR-02-11-01 (M.D. Pa.). He argues that his sentence is illegal because 18 U.S.C. § 3231, which bestows jurisdiction over violations of federal crimes on the federal district courts, and Public Law 80-772, which enacted that legislation,

1

are unconstitutional. As relief, he seeks "release from his unconstitutional and unlawful detention."[1] [ECF No. 5 at 5].

### A. Relevant Background[2]

In September 2002, Petitioner pleaded guilty to causing the death of another by use of a gun during a drug-trafficking offense, in violation of 18 U.S.C. § 924(j). On May 8, 2003, the Middle District Court sentenced him to 480 months of imprisonment and five years of supervised release. On July 29, 2005, Petitioner's judgment of sentence was affirmed by the U.S. Court of Appeals for the Third Circuit. United States v. Craft, 139 F.App'x 372 (3d Cir. 2005). The U.S. Supreme Court denied his petition for writ of *certiorari* on November 10, 2005.

On November 25, 2005, Petitioner filed with his sentencing court a motion to vacate his sentence under 28 U.S.C. § 2255. (Ex. 2). He supplemented his motion on December 12, 2005 and January 4, 2006. (Exs. 3-4). Together, these three documents raised seven grounds for relief, including that his guilty plea was involuntary, that trial counsel was ineffective at sentencing, and that the district court improperly departed upward from the Sentencing Guidelines without advance notice. Following a hearing, the Middle District Court denied the § 2255 motion. United States v. Craft, No. 01:CR-02-011-01, 2006 WL 3831386 (M.D. Pa. Dec. 28, 2006). The Third Circuit Court denied a certificate of appealability in July 2007.

On October 16, 2007, Petitioner filed with his sentencing court a petition for writ of habeas corpus. (Ex. 5). In this petition, he challenged his sentence on the basis that the sentencing guidelines

---

[1] Petitioner also has filed several pleadings attempting to amend the petition, including a Statement of Jurisdiction and a Notice of Affidavit by Special Visitation. In them, it appears that he may be attempting to assert that his criminal court lacked jurisdiction because he is allegedly a "sovereign American" and not a citizen of the United States. [ECF No. 12 at 5].

[2] All exhibit citations are to those documents attached to the Respondent's Answer, ECF No. 13.

and the input from the probation officer on the sentence violated the separation of powers in the Constitution. The sentencing court treated the petition as a second § 2255 motion, and dismissed it for lack of jurisdiction on October 23, 2007. United States v. Craft, No. 1:CR-02-011, 2007 WL 3124988 (M.D. Pa. Oct. 23, 2007).

On November 5, 2007, Petitioner filed a second petition for a writ of habeas corpus. He asserted that his right to a speedy trial was violated. (Ex. 6). The sentencing court treated Petitioner's filing as a second or successive motion under § 2255 and dismissed it for lack of jurisdiction. United States v. Craft, No. 1:CR-02-011-01, 2007 WL 3491286 (M.D. Pa. Nov. 13, 2007).

On October 29, 2007, Petitioner filed with the Middle District Court another petition for habeas corpus. (Ex. 7). The court dismissed that petition because the grounds raised in it were identical to those raised in his previous habeas petitions. (Ex. 8).

Petitioner filed another petition for habeas corpus on November 2, 2007, this time in the U.S. District Court for the District of South Carolina. (Ex. 9). That court construed the filing as a habeas petition pursuant to 28 U.S.C. § 2241. Craft v. Lamanna, No. 4:07-3585, 2008 WL 1736834 at *1, n.2 (D.S.C. Apr. 15, 2008). As the district court explained, this petition alleged that Petitioner was being wrongfully confined and that his due process rights were being violated by his continued confinement: "[s]pecifically, it appears that Petitioner believes that his federal conviction and sentence (which are the bases for his current federal confinement) resulted from an unconstitutional waiver of the speedy-trial rule." Id. at *1. The court dismissed the petition because Petitioner's claims were cognizable under § 2255 and not under § 2241 and "Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective." Id. at *2.

In the meantime, Petitioner continued to file various post-trial motions in his criminal case, all of which were denied. See United States v. Craft, 302 F.App'x 123, 124 (3d Cir. 2008). (See also docket

3

entries 167, 176, 180, 209 listed in Ex. 1). Among these post-trial motions was a petition filed on August 3, 2009. (Ex. 10). Petitioner argued, as he appears to be in the instant action, that his trial court lacked jurisdiction to adjudicate the criminal case against him because the statute under which he was convicted (18 U.S.C. § 924(j)) and the statute conferring subject matter jurisdiction on district courts to adjudicate federal criminal prosecutions (18 U.S.C. § 3231) were never properly enacted into law. (Ex. 11). In dismissing the case, the court explained that because Petitioner "obviously is attacking the validity of the conviction and sentence," his filing is a successive § 2255 motion and therefore must be dismissed for lack of jurisdiction. (Ex. 11 at 2-3).

Petitioner also filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the South Carolina District Court in which he argued, as he appears to be arguing in this action, that "Public Law 80-772, codified at 18 U.S.C. § 3231, which confers jurisdiction on the district courts to adjudicate federal criminal actions, is unconstitutional." Craft v. Michell, No. 4:09-1415, 2009 WL 2872824 at *3 (D.S.C. Sept. 2, 2009). The district court dismissed the petition "because Petitioner's claims attack the validity of his conviction and sentence, rather than challenging how his sentence is being applied by his custodian." Id.

On January 25, 2010, Petitioner filed yet another motion in his criminal case to vacate his conviction and sentence. (Ex. 12). In that petition, he asserted that the court "lacked jurisdiction to adjudicate the charge against him because the offense occurred outside the territorial and maritime jurisdiction of the United States and because the offense was first-degree murder, a state-law crime, not a federal one." United States v. Craft, No. 1:CR-02-011-01, 2010 WL 419443 at *1 (M.D. Pa. Jan. 29, 2010). The district court found that the petition was an attack his conviction and, as such, a motion under § 2255. Because Petitioner already had filed a § 2255 motion, the court dismissed the petition for lack of jurisdiction. Id.

4

**B.     Discussion**

The instant § 2241 habeas petition must be dismissed under the abuse of the writ doctrine, described by the Supreme Court in <u>McCleskey v. Zant</u>, 499 U.S. 467, 491-92 (1991).  <u>See</u> also <u>Benchoff v. Colleran</u>, 404 F.3d 812 (3d Cir. 2005); <u>Zayas v. Immigration & Naturalization Serv.</u>, 311 F.3d 247 (3d Cir. 2002).  As explained in detail above, Petitioner has filed numerous habeas petitions in the Middle District of Pennsylvania and the District of South Carolina attempting to challenge his judgment of sentence.  Having had no success before those courts, he now seeks an order from this Court directing his custodian to release him from his alleged unlawful detention.  This case is just one of the more recent in a long line of habeas actions that Petitioner has filed in which he improperly seeks relief from his judgment of sentence.  The petition is also subject to dismissal under 28 U.S.C. § 2244(a), which provides that a petition for writ of habeas corpus filed under § 2241 should be dismissed as successive if it raises issues that "either had been, or could have been, decided in" a previous habeas action.[3]  <u>Queen v. Miner</u>, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam).

**C.     Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement.

---

[3]     28 U.S.C. § 2244(a) provides: "No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255."

5

United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

**III.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                              /s/ Susan Paradise Baxter
                              SUSAN PARADISE BAXTER
                              United States Magistrate Judge

Dated:  June 9, 2011

cc:     The Honorable Sean J. McLaughlin
        United States District Judge